## PEOPLE *v.* VANDER VEEN.

INTOXICATING LIQUORS—CRIMINAL LAW—CONSTITUTIONAL LAW—
SEARCH WARRANT—QUESTIONS RAISED.

In a prosecution for a violation of the liquor law (Act No.
338, Pub. Acts 1917), *held*, that the questions of the con-
stitutionality of section 25 of said act, under which the
search warrant was issued, and the competency of the
evidence obtained by means thereof, were properly raised
by defendant, and the conviction should therefore be set
aside; said statute having been declared unconstitutional.

Exceptions before judgment from Ottawa; Cross
(Orien S.), J. Submitted January 13, 1921.
(Docket No. 123.) Decided March 30, 1921.

John A. VanderVeen was convicted of violating
the liquor law. Reversed, and defendant discharged.

*Charles H. McBride (Diekema, Kollen & Ten Cate,*
of counsel), for appellant.

*Fred T. Miles,* Prosecuting Attorney, for the
people.

STEERE, C. J. This case is before us on exceptions
before sentence to review the conviction of defendant
under an information charging him with having a
quantity of intoxicating liquor unlawfully stored in
a certain room of a business block in the city of
Holland, "for the purpose of being unlawfully sold,
given away and furnished in this State, contrary to
the statutes," etc., Act No. 338, Pub. Acts 1917,
being the statute contrary to which the alleged mis-
conduct is charged. The proceedings were initiated
by a search warrant issued pursuant to section 25 of
said statute. The evidence essential to conviction

was obtained by means of said search warrant. The facts and law under which defendant was convicted parallel in essentials those in *People* v. *De La Mater*, 213 Mich. 167.

In that case it is held that section 25 of said Act No. 338 is unconstitutional, and evidence secured by means of a search warrant issued under it is incompetent. The conclusions there reached upon that question are decisive of the instant case, unless the prosecution is right in the contention that the question of constitutionality of the law under which the search warrant issued was not properly raised by defendant in the trial court. It is true that it was not pressed as a paramount issue, like it was in the *De La Mater Case,* but we think it was fairly raised.

Defendant had been running a hardware business in the block where the liquor seized was located. He owned an interest in the building and had general charge of it. Rooms on the second floor were rented for offices and other purposes. When the officers went to search the premises they showed him the search warrant and advised him of their mission, telling him they desired to search upstairs. He acquiesced, took a bunch of keys and went upstairs with them. While up there the officer who had the search warrant said he wanted to get into a certain room, to which defendant replied he had no key to or control over the room which was rented to a Mr. Saunders who was absent. The officers then gained entrance to the room without his assistance and found a quantity of liquor there which they seized. Complaint was then made against defendant and this prosecution followed.

On preliminary examination before the magistrate defendant's counsel moved for his discharge, claiming that no evidence had been produced pointing to defendant's guilt under the provisions of Act No.

338, and for other reasons immaterial here. He was bound over to the circuit court for trial. Customary return was made by the magistrate, which included the initial search warrant and affidavit therefor, made under the provisions of the statute, based only on affiant's statement that he had "good reason to believe and does believe," etc. When arraigned in circuit court defendant stood mute and his counsel moved to quash the information and all proceedings in that connection on the same grounds urged before the magistrate. This motion was overruled and defendant's plea of not guilty entered by order of the court.

In his opening statement to the jury of the facts he proposed to prove the prosecuting officer stated among other things that the officers had a right to search the room with the search warrant as they were proceeding to do and defendant's counsel took exception "to the remark that they had a right to search that room with the search warrant." The first witness called was the officer who served the search warrant. After he had testified that he was armed with a search warrant when he went to the place, which he identified and the prosecution offered it in evidence, counsel for defendant objected on the ground that it was issued under an unconstitutional law, as had been held, which the prosecuting attorney contradicted, saying it was issued under Act No. 338. The trial court sustained the objection but allowed the officers to testify as to what they did and found under their search warrant. At the request of the prosecution they produced in court and identified the liquor they then seized, to which counsel for defendant objected and the objection was overruled. Objections were consistently made during the trial to the admission of such evidence. No testimony was offered by the de-

fense. A directed verdict was asked for defendant because of no competent evidence to show that the liquor seized under the search warrant belonged to or was kept by him where found for the unlawful purpose charged. We conclude that the question of the validity of the search warrant and competency of evidence obtained by means of it were fairly and timely raised in the trial court.

In view of defendant's insistent disavowal of any control over, interest in, or knowledge of, the seized liquor, which he and his counsel impute to the yet absent and thus far mysterious Mr. Saunders, no question of its return to the owner is involved here.

The conviction must be set aside and defendant discharged.

MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.

The late Justice BROOKE took no part in this decision.