PEOPLE *v.* MARGELIS.

CRIMINAL LAW—INTOXICATING LIQUORS—CONSTITUTIONAL LAW—
UNREASONABLE SEARCH AND SEIZURE—EVIDENCE—ADMISSIBILITY.
Where police officers, in plain clothes, visited a near beer
saloon, without warrant for arrest or for search, and one
of them seized defendant for the sole purpose of securing
as evidence whisky supposed to be on his person, and

On constitutional guaranties against unreasonable search and seizure as applied to a search for or seizure of intoxicating liquor, see note in 3 A. L. R. 1514, and 13 A. L. R. 1316.

in the ensuing tussle a bottle of whisky fell out of defendant's pocket, it was not admissible in a prosecution for violation of the liquor law since there was not a legal arrest, and the search and seizure were in violation of defendant's rights under article 2, § 10, Const. Mich.

Error to recorder's court of Detroit; Marsh (Pliny W.) J. Submitted January 17, 1922. (Docket No. 171.) Decided February, 8, 1922.

John Margelis was convicted of violating the liquor law. Reversed, and defendant discharged.

*McClear, Stein & Sarbaugh (J. Richard Newman,* of counsel), for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *W. McKay Skillman,* Assistant Prosecuting Attorney, for the people.

CLARK, J. Defendant was charged with and convicted of having had unlawfully in his possession one half pint of whisky, and he has appealed. Defendant by motion timely made sought return of the whisky as having been unlawfully obtained and was refused. He was not charged with the possession of other intoxicating liquor. Due objection to the use of the whisky in evidence was made.

Police officers, in plain clothes as we infer, visited a near beer saloon of one Decker in Detroit. They had no warrant for arrest or for search. One officer entered the saloon, the others remaining without, and said to Decker "I want a shot." Decker beckoned to defendant and said, "John, go and get some stuff." Defendant left the saloon, went by a side stairway to the living rooms upstairs. The officers took charge of Decker to prevent his making outcry and one officer followed defendant and met him returning at the foot of the stairway. It was dark. Nothing was said to defendant. Officer Sharp testified:

"When he came down I grabbed him around the arms like that (indicating), tussled around, rolled on the floor, and the bottle fell out of his pocket. * * * I kind of wrestled him through the door and threw him to the floor, and when I got up my partner had the bottle. That was in the saloon."

Another officer testified:

"I heard some one coming in through the door. In rolled Margelis and Mr. Sharp, and just as they fell, this bottle fell out of Mr. Margelis' pocket there, spilled on the—a part of it spilled on the floor, so— I saw the bottle roll from his pocket."

The officers then searched the premises, including the living rooms of Decker, and in such rooms found a jug of intoxicating liquor, with the unlawful possession of which Decker was charged and arrested, but later released, because of the unlawful search and seizure of the jug of liquor.

Counsel for the people say that there were sufficient reasons of belief to justify an arrest of defendant Margelis without warrant for felony, that what has been related constituted a lawful arrest, and that it was lawful to take from his person the bottle of whisky after his arrest. The infirmity of this is the assuming a lawful arrest. Defendant, when seized by the officer, was not advised that he was under arrest. There was neither a present intention to arrest nor submission to arrest. The treatment he received was for the sole purpose, the record shows, of securing for the purpose of evidence the whisky supposed to be on his person. It was not an arrest. 5 C. J. pp. 385-387. It was error to receive in evidence the whisky so obtained. Art. 2, § 10, State Constitution; *People* v. *Halveksz,* 215 Mich. 136; *People* v. *Le Vasseur,* 213 Mich. 177; *People* v. *Vander-Veen,* 214 Mich. 21; *People* v. *Woodward,* 215 Mich. 267.

And it is said in *Youman* v. *Commonwealth*, 189 Ky. 152 (224 S. W. 860):

"And this broad protection against unlawful search and seizure applies with equal force to the person, and, subject to the exception that an arresting officer has the right to search the person of a prisoner lawfully arrested, and take from his person and hold for the disposition of the court any property connected with the offense for which he is arrested that may be used as evidence against him, or any weapon or thing that might enable the prisoner to escape or do some act of violence, it is as great a violation of the constitution for an officer to search a person, or baggage carried about by him, without a warrant authorizing it, as it is to search his premises."

See, also, 13 A. L. R. 1303, 1316; *Hubbard* v. *Garner*, 115 Mich. 406.

Reversed.    Defendant discharged.

FELLOWS, C. J., and WIEST, STONE, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.