PEOPLE *v.* SIEMIENIEC.

1. SEARCHES AND SEIZURES—ISSUANCE OF WARRANT.
    A valid search warrant may not be issued except upon a showing that facts exist at the time of its issuance that justify such a special proceeding.

2. SAME—REMOTENESS OF INFORMATION—SALE OF LIQUOR WITHOUT LICENSE.
    Information should have been quashed and evidence obtained under search warrant should have been suppressed, where warrant had been issued by a justice of the peace upon a complaint and police officer's affidavit stating that he had observed defendant and her husband selling liquor without a license 4 days earlier but failing to state she was continuing to do so at time warrant was sought and issued, since the search warrant was improvidently issued (CL 1948, § 436.32).

Appeal from Berrien; Robinson (Thomas N.), J. Submitted July 16, 1962.   (Docket No. 65, Calendar No. 49,302.)   Decided December 4, 1962.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  47 Am Jur, Searches and Seizures § 21 *et seq.*

Bernice Siemieniec was convicted of violation of the liquor laws. Reversed.

*Frank J. Kelley,* Attorney General, *Eugene Krasicky,* Solicitor General, *Ronald H. Lange,* Prosecuting Attorney, for the people.

*Gore & Williams,* for defendant.

Souris, J. In *People* v. *Wright,* 367 Mich 611, decided September 10, 1962, we affirmed an order of the circuit court quashing an information because it was based upon evidence seized by authority of a search warrant issued upon affidavit reciting observation of facts 6 days prior to its making. Our decision was based upon the failure of the affidavit to assert facts indicating continuance of the alleged illegal activity from the time of the affiant's observations to the time of his making the affidavit. We applied the rule found in *People* v. *Chippewa Circuit Judge,* 226 Mich 326, that no warrant may issue except upon a showing that facts exist at the time of issuance to justify such a "special proceeding * * * hedged by strict constitutional provisions."

In the case at bar, defendant was convicted for violation of CL 1948, § 436.32 (Stat Ann 1957 Rev § 18.1003), the information charging that on September 21, 1958 she "unlawfully did offer for sale, keep for sale, barter, furnish, import, import for sale, transport for sale, or possess for sale, a large quantity of wine, whiskey, beer, mixed liquors or alcoholic liquor, without having first filed a bond with, and without having a license from, the liquor control commission of the State of Michigan." The evidence upon which she was convicted was obtained on the date of the alleged offense by State police officers armed with a search warrant. The search warrant was issued by a justice of the peace on Sep-

tember 17th upon complaint and affidavit made on that date by a police officer. In his affidavit, the officer stated that he had observed defendant and her husband 4 days earlier furnishing "alcoholic spirits to certain [persons] in return for money and in return for the presentation of certain tickets or cards previously issued by the said Stanley Siemieniec and Bernice Siemieniec, the same being furnished in particular to the affiant herein at said time and place."

Defendant's motion to quash the information and to suppress the evidence so obtained should have been granted. If Mrs. Siemieniec unlawfully sold or furnished for sale alcoholic beverages on September 13, 1958, she could have been prosecuted for doing so, but such sale alone afforded no ground for a finding of reasonable cause to believe that on September 17th, four days later, she was continuing to do so, thereby justifying issuance of the search warrant. Whether the affiant's observations are made 4, 6 or 66 days before application for a search warrant, the warrant may issue only upon a showing that reasonable cause exists to believe illegal activity is occurring at the time the warrant is sought. Just as in *People* v. *Wright, supra,* there was nothing in the affidavit presented in this case to indicate that the acts observed on September 13th continued to occur on September 17th.

For the reasons stated, the search warrant was improvidently issued and the defendant's motion to quash should have been granted.

Reversed.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., did not sit.