## WILLIAM McGEE *v.* STATE OF MARYLAND

[No. 64, Initial Term, 1967.]

*Decided May 8, 1967.*

The cause was argued before ANDERSON, MORTON, and ORTH, JJ., and MACGILL, J., Chief Judge of the Fifth Judicial Circuit, specially assigned, and JENIFER, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*Joseph G. Koutz,* with whom was *Maurice T. Siegel* on the brief, for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Lucy Ann Garvey, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant, William McGee, was tried and convicted by the Criminal Court of Baltimore, sitting without a jury, of violation of the lottery laws and of the offense of resisting arrest. He contends that the evidence was legally insufficient to sustain his convictions.

On January 25, 1966, Sergeant Shanahan and Officers Schneider and Elseroad of the rackets division of the Baltimore City Police Department, armed with a search warrant, went to the appellant's home at 1207 Winston Avenue. After the appellant was accosted outside, as he alighted from his car, the search warrant was shown to him. The officers then accompanied him into his home. Officer Schneider proceeded to search him and took from his rear pocket two slips of paper which he examined and handed to Sergeant Shanahan. Sergeant Shanahan looked at the slips and showed them to the appellant. The appellant snatched the slips from the Sergeant, put them in his mouth and proceeded to eat them. The officers struggled with him in an attempt to recover the evidence. According to the testimony of Sergeant Shanahan, the appellant "continued to flail his arms and push us away." The officers decided to desist in their attempt for fear of hurting the appellant "since he appeared to be an elderly gentleman." The only part of the slips retrieved was a small piece of paper, with no notations on it, which the appellant later spit out. After the incident described, a search was made of the house but no other evidence of violations of the lottery laws was found.

The indictment of the appellant for resisting arrest alleged that while Sergeant Shanahan was in the act of arresting him, he "did then and there unlawfully resist an arrest * * * by pulling, pushing and laying hold of the said officer * * *." Resisting arrest is a common law offense. *Preston v. Warden,* 225 Md. 628, 629. The appellant contends, however, that there was no arrest in process when the struggle for the possession of the slips of paper was taking place and that the actual arrest presumably occurred thereafter. The case of *People v. Margelis,* 217 Mich. 423, 186 N. W. 488, was cited in support of this contention. That case dealt with the issue of lawful arrest

on a charge of unlawful possession of whiskey. The officers, without the authority of a warrant, seized the defendant for the sole purpose of securing as evidence the whiskey which they suspected was on his person. The situation here is not analogous. One of the accepted definitions of the word "arrest" is "the taking, seizing or detaining the person of another, touching or putting hands upon him in the execution of process, or any act indicating an intention to arrest." *Black's Law Dictionary, Third Edition, Bouvier's Law Dictionary, Third Revision.*

Judge Prescott, speaking for the Court of Appeals in *Griffin v. State,* 232 Md. 389, at 396, stated that: "Searches of the persons of individuals have been authorized in this State at least since 1939 * * * We know of no practical method of executing such a command (of the warrant), except perhaps on those occasions when one alleged to be violating the criminal law would quietly and supinely submit and consent to a search of his person, other than by arresting the person to be searched. As the search warrant itself must be founded on probable cause, we do not think that *conditional arrest for the purpose of executing the warrant* is illegal or unreasonable." (Italics supplied) In the instant case we think the evidence showed that the appellant was at least under conditional arrest after the warrant was exhibited to him and a search pursuant thereto was made of his person. We cannot say that the trial judge was clearly wrong in his finding that the actions of the appellant amounted to a commission of the common law offense of resisting arrest.

We find no merit in the contention of the appellant that the evidence was insufficient to sustain a conviction of violation of the lottery laws. He has asserted, in support of this contention, that the characterization of the slips of paper by Sergeant Shanahan and Officer Schneider as lottery slips was an unsubstantiated conclusion and that the latter officer, furthermore, was not qualified to make such a conclusion. The short answer to this is that no objection was made at the trial to the qualifications or conclusions of the officers. Even if such an objection had been made and was before us for our consideration, we would have found it to be without substance. Sergeant Shanahan described the notations on the slips and his characteriza-

tion of them as lottery numbers was admissible. *Chernock v. State,* 203 Md. 147, 157.

The final assertion that there was insufficient evidence to establish guilt because the State failed to produce the slips with the lottery notations on them is, under the circumstances, somewhat less than impressive. Since the appellant ate the prime evidence, the next best evidence available, the testimony of the officers as to their observations, was clearly admissible. *Corens v. State,* 185 Md. 561, 569.

*Judgments affirmed, with costs.*