PEOPLE v MURPHY

Docket No. 77-3664. Submitted October 16, 1978, at Detroit.—Decided December 5, 1978. Leave to appeal applied for.

Michael G. Murphy was convicted of receiving and concealing stolen property, Recorder's Court of Detroit, Patricia J. Boyle, J. The defendant appeals, alleging that reversible error occurred when his motion to suppress evidence made prior to trial was denied. *Held:*

The evidence should have been suppressed and the information quashed because the evidence was seized in a search conducted without a warrant and no evidence was presented which would justify the search without a warrant.

Reversed.

1. CRIMINAL LAW—MOTIONS—EVIDENCE—SUPPRESSION OF EVIDENCE— APPEAL AND ERROR—MOTION TO SUPPRESS.

The Court of Appeals in review of a denial of a defendant's motion to suppress evidence made prior to trial is limited to consideration of evidence presented at the preliminary examination and may not consider evidence subsequently presented at trial.

2. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—PROBABLE CAUSE—EXIGENT CIRCUMSTANCES.

To sustain the validity of a search without a warrant, the burden rests on the people to demonstrate that the police acted in a reasonable manner, based on probable cause and in response to

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 166.
  5 Am Jur 2d, Appeal and Error §§ 728, 736.
[2] 68 Am Jur 2d, Searches and Seizures §§ 37, 41-44, 68-70.
[3] 68 Am Jur 2d, Search and Seizure §§ 8, 20.
[4] 68 Am Jur 2d, Search and Seizure §§ 20, 23, 88, 102, 113.
  Search and seizure: observation of object in "Plain View"—Supreme Court cases. 29 L Ed2d 1067.
  Propriety or lawfulness of seizure, not incident to arrest of papers, documents, letters, books, and records not described in search warrant. 79 ALR2d 1005.

an exigent circumstance bringing the search under one of the specifically established exceptions to the warrant requirements.

3. Searches and Seizures—Reasonable Expectation of Privacy.

A search occurs, for Fourth Amendment purposes, when an individual has a reasonable expectation of privacy in the area searched.

4. Searches and Seizures—Plain View Doctrine—Search Without Warrant—Justification—Inadvertent Discovery.

A police officer, in order to apply the plain view doctrine to justify a seizure of evidence without a warrant, must be rightfully in a position from which the evidence is plainly visible, must have prior justification for the intrusion, and must discover the evidence inadvertently.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Seymour Beitner, P.C.* (by *George C. Dovas),* for defendant on appeal.

Before: Beasley, P.J., and R. B. Burns and J. H. Vander Wal,* JJ.

R. B. Burns, J. Defendant was convicted by a jury of receiving and concealing stolen property, MCL 750.535; MSA 28.803. He appeals and we reverse.

Prior to trial defendant moved to suppress unlawfully obtained evidence and to quash the information. The prosecutor stipulated that the trial court could decide the motions solely on the evidence presented at the preliminary examination. The trial court denied the motions. On review of the trial court's denial of defendant's motions, we are limited to consideration of evidence presented

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

at the examination, and may not consider evidence subsequently presented at trial.[1] *People v Charles D Walker,* 385 Mich 565; 189 NW2d 234 (1971).

Evidence presented at the examination established that furs were stolen from Furs by Ceresnie in Birmingham, Michigan, on September 30, 1976. Sergeant Dennerly, of the Detroit Police Department, was successful in having some of the furs delivered to his police station on October 1, by having an unidentified individual make some telephone calls. Sergeant Dennerly traced one call to 541 Copland, in Detroit, and went there with three other Detroit police officers and a Birmingham police officer. The three other Detroit officers went to the front door, and he and the Birmingham officer went around to the back porch. There were two doors with windows in them, and through one window he saw defendant run downstairs with furs over his arm, and moments later run back upstairs without the furs. He shouted to the officers in front that the furs were in the house, and was shortly let in by one of them. He went to the basement and recovered several furs, which were identified as having been stolen from Furs by Ceresnie. He did not have a search warrant, and did not know how the other officers got into the house.

Defense counsel argued before the magistrate that defendant should not be bound over because no search warrant was obtained, and because Sergeant Dennerly saw defendant with the furs only after trespassing by going to the back porch. The magistrate ruled that there was inadequate evi-

---

[1] It appears from the trial transcript that, had plaintiff decided to augment the record, substantial issues could have been raised concerning defendant's standing to raise this issue, consent, and lack of expectation of privacy by defendant. In part because of the woefully inadequate record on this issue, the parties' briefs on appeal are also inadequate.

dence to infer that Sergeant Dennerly was improperly on the back porch. Counsel renewed his argument before the trial court, which also ruled that it could not find Sergeant Dennerly was a trespasser. On appeal, plaintiff argues that the furs were within "plain view".

"To sustain the validity of a warrantless search the burden rests on the people to demonstrate that the police acted in a reasonable manner, based on probable cause and in response to an exigent circumstance bringing the search under one of the specifically established exceptions to the warrant requirement." *People v White,* 392 Mich 404, 410; 221 NW2d 357, 359 (1974), *cert den,* 420 US 912; 95 S Ct 835; 42 L Ed 2d 843 (1975).

In the instant case the magistrate and trial court have shifted the burden of proof from plaintiff to defendant. The issue is not whether defendant established that Sergeant Dennerly was where he should not be, but whether plaintiff has justified Sergeant Dennerly's presence on the back porch.

For Fourth Amendment purposes, a search occurs when an individual has a reasonable expectation of privacy in the area searched. *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967). Depending upon the circumstances, an individual may have a reasonable expectation of privacy in his back yard. See *People v Hopko,* 79 Mich App 611; 262 NW2d 877 (1977). Certainly many citizens have a reasonable expectation of privacy when they pass before even uncurtained back door windows. Consequently, plaintiff had a burden to elicit facts from which it could be inferred that defendant had no reasonable expectation of privacy when he passed before the window. This plaintiff failed to do.

For the plain view doctrine to apply, the officer must have been rightfully in the position from which evidence was in plain view, the officer must have had prior justification for his intrusion, and the discovery must have been inadvertent. *Coolidge v New Hampshire,* 403 US 443; 91 S Ct 2022; 29 L Ed 2d 564 (1971) (Stewart, J), *People v Harden,* 54 Mich App 353, 358; 220 NW2d 785, 787 (1974). Since plaintiff failed to establish that defendant had no reasonable expectation of privacy in the back porch area, it cannot be said that Sergeant Dennerly was rightfully in a position from which the evidence was in plain view. There was no evidence of consent, hot pursuit, or other justification for Sergeant Dennerly to go to the back porch. While Sergeant Dennerly did not testify as to why he went to the back porch, we infer that he may have been anticipating that someone would attempt to escape out the back, possibly with furs. From the record presented for review, there is a strong inference that Sergeant Dennerly decided to engage in a warrantless "raid" on 541 Copland in order to recover stolen furs. In such circumstance, we would be hesitant to characterize the discovery of the furs as inadvertent.

No evidence was presented at the preliminary examination to establish that the officers at the front door received consent to enter and search the premises. The evidence should have been suppressed and the information quashed.

Since defendant's first issue is dispositive, we do not reach the other issues raised.

Reversed.