PEOPLE v DAVID

Docket No. 56696. Submitted April 9, 1982, at Lansing.—Decided
September 7, 1982. Leave to appeal applied for.

Defendant, Timothy Allen David, was bound over for trial on
charges of possession of a controlled substance and possession
of a controlled substance with intent to deliver. The Bay
Circuit Court, William J. Caprathe, J., held that all of the
evidence seized pursuant to a search warrant should be sup-
pressed, quashed the information, and dismissed the charged
against defendant. The people appeal raising two issues: first,
did the affidavit in support of the search warrant establish
probable cause to believe that the items sought were on the
stated premises and, second, should the exclusionary rule be
applied when there is a good-faith violation of the Fourth
Amendment. *Held:*

1. Affidavits supporting a search warrant may be based on
hearsay information, which may come from an unnamed infor-
mant, however, the affiant must state facts which allow the
magistrate to independently judge the accuracy and reliability
of the informant's information.

2. There is a two-prong test regarding the reliability of an
informant's information: first, is the informant's information
sufficiently detailed so that the magistrate can conclude that
the information was based upon the informant's personal
knowledge and, second, the affiant's statements regarding the
informant's past reliability.

3. Although the informant's statement may have been suffi-

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Searches and Seizures § 71.
[2] 68 Am Jur 2d, Searches and Seizures § 68.
[3-5, 9] 68 Am Jur 2d, Searches and Seizures § 65.
  Propriety of considering hearsay or other incompetent evidence in
    establishing probable cause for issuance of search warrant. 10
    ALR3d 359.
[5, 9] 68 Am Jur 2d, Searches and Seizures § 30.
[6] 68 Am Jur 2d, Searches and Seizures § 109.
[7] 68 Am Jur 2d, Searches and Seizures § 62.
[8] 68 Am Jur 2d, Searches and Seizures § 42.

cient to satisfy the first prong of the test the affidavit fails under the second prong of the test since it made no allegation that the unnamed informant was credible or that his information had proven reliable in the past. Therefore, the informant's information could only be used if independently corroborated. Since there was nothing to corroborate the informant's statement the affidavit must be considered as if the informant's statement were not included.

4. A controlled buy of a controlled substance is not enough, alone, to establish probable cause for the search warrant. There must be some indication of the reliability of the buyer-informant so that a concusion that a purchase actually took place may be legitimately drawn.

5. The circuit court properly held that the magistrate's decision to grant the search warrant was erroneous. The Court of Appeals does not, hereby, hold that a three-day delay renders an affidavit stale, however, here there was absolutely no evidence to suggest that defendant would still possess marijuana three days after the sale to the informant.

6. Michigan does not recognize a good-faith exception to the Fourth Amendment, therefore, the exclusionary rule was correctly applied.

Affirmed.

K. B. GLASER, J., concurred with the determination that the information was stale and, therefore, concurred in the result reached by the majority. He disagreed with the majority as to the sufficiency of the information in the affidavit and would hold that the controlled buy was sufficient to establish the informant's reliability.

## OPINION OF THE COURT

1. SEARCHES AND SEIZURES — SEARCH WARRANTS.

A search warrant may not be issued by a magistrate unless it is supported by probable cause, which is supported by oath or affirmation (US Const, Am IV; Const 1963, art 1, § 11; MCL 780.651; MSA 28.1259[1]).

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE.

Probable cause for the issuance of a search warrant consists of facts and circumstances which would warrant a person of reasonable prudence to believe that the items sought are in the stated place.

3. SEARCHES AND SEIZURES — SEARCH WARRANTS — UNNAMED INFORMANTS.

Affidavits supporting a search warrant may be based on hearsay information from an unnamed informant where the affiant states facts which allow the magistrate to independently judge the accuracy and reliability of the informant's information.

4. SEARCHES AND SEIZURES — SEARCH WARRANTS — UNNAMED INFORMANTS.

A two-prong test is used to test the reliability of an unnamed informant's information contained in an affidavit to support a search warrant: the first prong is satisfied if the informant's information is sufficiently detailed so that the magistrate can conclude that the information was based upon the informant's personal knowledge, and the second prong is satisfied by the affiant's statements regarding the informant's past reliability; the affidavit must be considered as if the informant's statement were not included where the informant's statement fails under this test.

5. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — CONTROLLED BUYS — CONTROLLED SUBSTANCES.

A controlled buy of a controlled substance is not sufficient in itself to establish probable cause for the issuance of a search warrant; there must be some indication of the reliability of the buyer-informant so that a conclusion that a purchase actually took place may be legitimately drawn.

6. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — PASSAGE OF TIME.

The passage of time is a valid consideration in deciding whether probable cause exists for the issuance of a search warrant since there must be a showing of reasonable cause to believe that illegal activity is occurring at the time of the warrant request.

7. SEARCHES AND SEIZURES — SEARCH WARRANTS — APPEAL.

The question of the validity of a search warrant is to be decided on the facts given to the magistrate when the warrant is requested.

8. SEARCHES AND SEIZURES — EXCLUSIONARY RULE — GOOD-FAITH EXCEPTION.

Michigan does not recognize a good-faith exception to the exclusionary rule regarding illegally seized evidence.

CONCURRENCE BY K. B. GLASER, J.

9. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE
   — CONTROLLED BUYS — CONTROLLED SUBSTANCES — UNNAMED
   INFORMANTS.

   *A controlled buy of a controlled substance may be sufficient to
   establish an unnamed informant's reliability with respect to
   the sufficiency of the information contained in an affidavit in
   support of a search warrant to establish probable cause for the
   issuance of the warrant.*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, and *George B. Mullison,*
Prosecuting Attorney, for the people.

*Patterson, Gruber & Kennedy,* for defendant.

Before: M. F. CAVANAGH, P.J., and R. M. MAHER
and K. B. GLASER,* JJ.

M. F. CAVANAGH, P.J. Defendant was bound over
for trial on charges of possession of a controlled
substance, MCL 333.7403; MSA 14.15(7403), and
possession of a controlled substance with intent to
deliver, MCL 333.7401; MSA 14.15(7401). The trial
court suppressed all of the evidence seized pursu-
ant to a search warrant, quashed the information,
and dismissed the charges against defendant. The
people appeal as of right.

There are two issues on appeal. First, did the
affidavit in support of the search warrant establish
probable cause to believe that the items sought
were on the stated premises? Second, should the
exclusionary rule be applied when there is a good-
faith violation of the Fourth Amendment?

A search warrant may not be issued by a magis-
trate unless it is supported by probable cause,
which is established by oath or affirmation. US
Const, Am IV; Const 1963, art 1, § 11; MCL
780.651; MSA 28.1259(1). Probable cause consists

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of facts and circumstances which would warrant a person of reasonable prudence to believe that the items sought are in the stated place. *People v Dinsmore,* 103 Mich App 660, 674; 303 NW2d 857 (1981). Panels of this Court have differed regarding the standard of review to be accorded to a magistrate's determination of such probable cause; the determination has been entitled to either "great deference" or has been upheld absent an "abuse of discretion". *Dinsmore, supra; People v Thomas,* 86 Mich App 752, 759; 273 NW2d 548 (1978); *People v Battle,* 71 Mich App 136, 144; 246 NW2d 389 (1976); *People v Iaconis,* 29 Mich App 443, 457; 185 NW2d 609 (1971), *aff'd sub nom People v Bercheny,* 387 Mich 431; 196 NW2d 767 (1972).

In *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), and *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969), the Court held that affidavits supporting a search warrant may be based on hearsay information, which may come from an unnamed informant. Although the informant's identity need not be revealed, the affiant must state facts which allow the magistrate to independently judge the accuracy and reliability of the informant's information. There are two prongs to the *Aguilar-Spinelli* test regarding the reliability of an informant's information. The first prong of the test is satisfied if the informant's information is sufficiently detailed so that the magistrate can conclude that the information was based upon the informant's personal knowledge. The second prong of the test is satisfied by the affiant's statements regarding the informant's past reliability. *Aguilar, supra,* 114; *Spinelli, supra,* 413. If the informant's information fails under this two-prong test, the magistrate must consider whether the affidavit contains other

information which would corroborate the informant's information. *Spinelli, supra,* 415.

In the instant case, the affidavit contained a single statement of hearsay received from the unnamed informant. In the affidavit, the police officer stated that the informant told him that the informant's marijuana had been purchased from a subject in the trailer. Although the informant's statement may have been sufficient to satisfy the first prong of the *Aguilar-Spinelli* test, in that the informant had stated where the drugs were, the affidavit fails under the second prong of the test. The affidavit made no allegation that the informant was credible or that his information had proven reliable in the past. Without such a showing, therefore, the informant's information can only be used if independently corroborated.

We agreed with the lower court's finding that there is nothing here to corroborate the informant's statement that he bought the drugs in the trailer. On the facts presented to the magistrate, it is just as likely that the informant took some of his own drugs from the trailer and gave them to the police.

Since the informant's statement fails under the *Aguilar-Spinelli* test, the affidavit must be considered as if the informant's statement were not included. See *People v Broilo,* 58 Mich App 547, 552; 228 NW2d 456 (1975).

The affidavit described what is known as a "controlled buy". The informant was searched and found not to be in possession of drugs. While under constant police surveillance, the informant entered the trailer. When the informant returned to the police, he possessed drugs. On the basis of this evidence, the police had cause to believe that the informant got the drugs while in the trailer.

In *People v Ferguson,* 94 Mich App 137; 288
NW2d 587 (1979), a substantially similar con-
trolled buy was held to establish probable cause
for a search warrant. See also *People v Davis,* 72
Mich App 21; 248 NW2d 690 (1976). However, in
both these cases, the credibility of the informant
was demonstrated by the affiant because on nu-
merous instances convictions had been obtained as
a result of the informant's information. We are
not convinced that a controlled buy alone is
enough to establish probable cause for the issu-
ance of a search warrant. There must be some
indication of the reliability of the buyer-informant
so that a conclusion that a purchase actually took
place may be legitimately drawn.

Even if probable cause for the search warrant
existed after the controlled buy, this does not
mean that probable cause existed when the war-
rant was issued, approximately three days later.
The passage of time is a valid consideration in
deciding whether probable cause exists. *People v
Gillam,* 93 Mich App 548, 552; 286 NW2d 890
(1979). For a warrant to be issued, there must be a
showing of reasonable cause to believe that illegal
activity is occurring at the time of the warrant
request. *People v Siemieniec,* 368 Mich 405, 407;
118 NW2d 430 (1962).

In *Siemieniec, supra,* the police officer's affidavit
stated that defendant had illegally sold liquor four
days earlier. The Court noted that the fact that
defendant sold liquor four days earlier was not
probable cause to believe that she was continuing
to illegally sell liquor. The Court held that the
affidavit must state that there is some sort of
continuing illegal activity. Similarly, in *Broilo,
supra,* the defendant made a drug sale to a police
officer. Forty-two days after the second and final

sale, the police officer obtained a search warrant. Citing to *Siemieniec,* the Court held that any probable cause which had existed when the drug sale was made was stale by the time the search warrant was obtained. The Court stated that when there is a substantial delay, no warrant may be issued unless there is a showing of continuing criminal activity.

The validity of the search warrant is to be decided on the facts given to the magistrate when the warrant is requested. We do not hold that a three-day delay renders an affidavit stale; however, in the case at bar, the affidavit alleged only a single sale, not continuing drug sales. The affidavit did not even state that defendant possessed any marijuana after he made the sale to the informant. On the facts presented to the magistrate, there is absolutely no evidence to suggest that defendant would still possess marijuana three days after the sale to the informant. We find that, whether extending great deference to the magistrate's determination of probable cause or reviewing that determination for an abuse of discretion, the circuit court properly held that the magistrate's decision to grant the search warrant was erroneous.

The people also argue that the exclusionary rule should not be applied when there is a good-faith violation of the Fourth Amendment. The people maintain that, since the purpose of the exclusionary rule is to deter police misconduct, the rule should not be applied when the deterrent effect would not be furthered, as in a case of good-faith mistaken behavior on the part of the police.

The federal exclusionary rule, a judicially created means of effectuating Fourth Amendment rights, was made applicable to the states via the

Fourteenth Amendment in *Mapp v Ohio,* 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961). This was already the law of this state since the exclusionary rule was first applied to unconstitutional searches and seizures in *People v Margelis,* 217 Mich 423; 186 NW 488 (1922). The purpose of the exclusionary rule is to deter violations of the Fourth Amendment and promote judicial integrity so that a court is not a party to the use of illegally seized evidence. Thus, under both the United States and Michigan Constitutions, illegally seized evidence generally must be suppressed. *Mapp v Ohio, supra; People v Plantefaber,* 410 Mich 594; 302 NW2d 557 (1981).

In *Stone v Powell,* 428 US 465; 96 S Ct 3037; 49 L Ed 2d 1067 (1976), the Court stated that the concept of judicial integrity has limited force as a justification for the exclusionary rule and, thus, Fourth Amendment violations could not be raised in federal habeas corpus proceedings. With the rule's primary justification being deterrence, illegally seized evidence is admissible when its exclusion would not deter illegal police activity. See *Michigan v DeFillippo,* 443 US 31; 99 S Ct 2627; 61 L Ed 2d 343 (1979); *Brown v Illinois,* 422 US 590; 95 S Ct 2254; 45 L Ed 2d 416 (1975). The people would have us go one step further and find that where the police act unconstitutionally, but in good faith, the exclusionary rule need not be applied.

Such a holding would, in effect, remove the probable cause requirement from the Fourth Amendment. A "good-faith" exception to the excusionary rule would insulate the magistrate's decision to grant a search warrant from appellate review. In every case where a constitutionally infirm search warrant was issued, the prosecution

could reasonably claim that the police acted in good faith. In effect, the constitutional language that all warrants be issued only on a showing of probable cause would become a nullity.

Furthermore, adoption of a "good-faith" standard would remove the incentive for police officers to find out what sort of police conduct constitutes an unreasonable invasion of privacy. On a police force, efficiency in obtaining convictions is rewarded so recognition of a good-faith exception to the warrant requirement would encourage police officers to remain ignorant of the law in order to garner more evidence and obtain more convictions. The end result, increased illegal police activity, is the very problem that the exclusionary rule is designed to avert.

Only one federal court of appeals has possibly created a "good-faith" exception to the exclusionary rule. In *United States v Williams,* 622 F2d 830 (CA 5, 1980), *cert den* 449 US 1127; 101 S Ct 946; 67 L Ed 2d 114 (1981), the court held that it was irrelevant whether the arrest was legal because the police acted in good faith. The court reasoned that the United States Supreme Court's decisions supported a good-faith exception, even though a majority of the Supreme Court has never officially embraced such a concept. To our knowledge, no state yet has decided a case using the *Williams* good-faith exception. In *Illinois v Pierce,* 88 Ill App 3d 1095; 44 Ill Dec 326; 411 NE2d 295 (1980), the court stated it approved of *Williams,* but it did not apply the exception.

We find that the *Williams* decision, purporting to create a "good-faith" exception to the exclusionary rule, establishes no precedent for us to follow and is wrong as a matter of policy. Since we recognize no good-faith exception to the Fourth

Amendment, the exclusionary rule was correctly applied. We affirm the decision of the circuit court which suppressed the seized evidence and quashed the information.

Affirmed.

R. M. MAHER, J., concurred.

K. B. GLASER, J. *(concurring)*. I respectfully disagree with the majority as to the sufficiency of the information in the affidavit. The controlled buy, in my judgment, was sufficient to establish the informant's reliability. However, I agree that the information was stale, in the circumstances here disclosed, and I concur in the result.