PEOPLE v HADDAD

Docket No. 58470. Submitted June 8, 1982, at Lansing.—Decided November 23, 1982.

George Haddad was bound over for trial in Bay Circuit Court on a charge of possession of marijuana with intent to deliver. The court, William J. Caprathe, J., granted defendant's motion to suppress the evidence and dismissed the charge against defendant on the ground that the evidence was obtained as the result of an illegal search and seizure. The people appeal. *Held:*

Evidence of a crime which is seen in plain view will be allowed to be used at trial if the officer's initial intrusion into an area from which the evidence is seen is justified and the evidence is discovered inadvertently. In this case, the discovery was inadvertent but the officer's justification for intrusion into the area from which the evidence was seen was insufficient to allow the evidence to be used.

Affirmed.

1. APPEAL — CRIMINAL LAW — EVIDENCE — MOTION TO SUPPRESS.

A trial court's ruling on a motion to suppress evidence will not be disturbed unless clearly erroneous.

2. EVIDENCE — CRIMINAL LAW — PLAIN VIEW DOCTRINE.

Evidence of a crime which is seen in plain view will be allowed to be used at trial if the officer's initial intrusion into the area from which the evidence is seen is justified and the evidence is discovered inadvertently.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Bleau,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 603.
[2] 68 Am Jur 2d, Searches and Seizures §§ 23, 88.
Search and Seizure: observation of objects in "plain view"—Supreme Court cases. 29 L Ed 2d 1067.

*Jan Armon,* and *James F. Gust* (of counsel), for defendant on appeal.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. R. JOSLYN,* JJ.

PER CURIAM. The trial court granted a motion to suppress and subsequently dismissed the charges against defendant. From that dismissal, the people appeal as of right.

The trial court suppressed the evidence because defendant had a reasonable expectation of privacy in his bedroom. The bedroom was located in such a manner that it was normally out of the public's view. The officer had to get extremely close to the window in order to be able to see inside. The court concluded that the officer had no right to peer through the bedroom window when he only had a suspicion of an assault and battery and a mere suspicion as to the safety or welfare of a person who might have been present.

A governmental intrusion into the home, no matter how innocuous, is not to be taken lightly. *Payton v New York,* 445 US 573; 100 S Ct 1371; 63 L Ed 2d 639 (1980). The people attempt to justify the officer's observation of the marijuana through the plain view doctrine, either by the casual observance or in response to an emergency situation. We review a trial court's ruling on a suppression of evidence motion to determine if the decision was clearly erroneous, *i.e.,* a finding which leaves this Court with the firm conviction that a mistake was made. *People v Dugan,* 102 Mich App 497, 501; 302 NW2d 209 (1980), *lv den* 411 Mich 989 (1981). Evidence of a crime which is seen in plain view will be allowed to be used at trial if the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

officer's initial intrusion is justified and the evidence is discovered inadvertently. *Coolidge v New Hampshire,* 403 US 443, 465-467; 91 S Ct 2022; 29 L Ed 2d 564 (1971); *Dugan, supra,* pp 503-504. There is no question, in the instant case, that the evidence was discovered inadvertently. The trial court found, however, that the officer was not justified in walking through defendant's backyard and peering through the only lighted window at 3:45 a.m. This was not an area which was generally open to public use so that the view could be obtained. *Lorenzana v Superior Court of Los Angeles County,* 9 Cal 3d 626, 638; 511 P2d 33; 108 Cal Rptr 585 (1973).

The people rely heavily upon the case of *United States v Anderson,* 552 F2d 1296 (CA 8, 1977), where, as in the instant matter, investigating officers received no answer when they knocked at the front door. A light was visible inside the house and, hearing a dog barking in the back, the officers began to walk along the side of the house. Here is where the *Anderson* case and the present matter part ways. In *Anderson* the officers glanced through a basement window that they were passing. In the instant case, the police officer walked up to a bedroom window for the express purpose of looking inside. As the trial court opinion stated, "Next to a person's lavatory/bathroom, their bedroom is probably the most private place in their home." the people also rely upon the decision in *United States v Wheeler,* 641 F2d 1321 (CA 9, 1981), but in that case the officer only peered over a fence into the defendant's backyard, which was significantly less intrusive than what occurred in the instant case. We find that the officer's justification for the intrusion was insufficient in this case. See *People v Murphy,* 87 Mich App 461, 465; 274

NW2d 819 (1978), *lv den* 406 Mich 991 (1979); *People v Hopko,* 79 Mich App 611, 616-621; 262 NW2d 877 (1977), *lv den* 402 Mich 950o (1978); *United States v Irizarry,* 673 F2d 554 (CA 1, 1982).

The people also attempt to justify the officer's position by the window as a response to his knowledge that defendant was high on drugs and the officer was only attempting to see if defendant was all right. *Cf. People v Washington,* 77 Mich App 598, 599; 259 NW2d 151 (1977). In the case at bar, the trial court did not believe that the officer's reason was to see if defendant was all right and stated, "It's interesting to note that once the officer saw the marijuana, he apparently lost all of his concern for the safety or the welfare of anyone inside the trailer." Additionally, the court noted that the officer only had a suspicion that the person (defendant) was in any type of situation which would require emergency aid.

Finally, the people rely upon *United States v Williams,* 622 F2d 830, 840-846 (CA 5, 1980), *cert den* 449 US 1127; 101 S Ct 946; 67 L Ed 2d 114 (1981), for the proposition that the officer's good faith action precludes the use of the exclusionary rule. However, the good faith exception has been rejected by this Court in *People v David,* 119 Mich App 289; 326 NW2d 485 (1982).

Affirmed.