PEOPLE v THIVIERGE

Docket No. 104529. Submitted August 18, 1988, at Detroit. Decided
October 6, 1988. Leave to appeal applied for.

Dennis M. Thivierge was convicted on his conditional plea of
guilty of attempted possession with intent to deliver less than
fifty grams of cocaine, Wayne Circuit Court, Leonard Town-
send, J. Defendant appealed by leave granted, alleging the
properly preserved issue of the search warrant obtained by use
of evidence found in trash bags placed in front of defendant's
residence. Defendant also raised the issue for the first time on
appeal of the freshness of the evidence used to support the
search warrant.

The Court of Appeals *held:*

1. There is no legitimate expectation of privacy subject to
protection from police searches under the Michigan Constitu-
tion in trash left for collection in a place accessible to the
public. Thus, use of the evidence found in the trash bags to
support the search warrant was proper.

2. Appellate review is foreclosed when an issue is raised for
the first time unless it appears that failure to consider the issue
would result in a miscarriage of justice.

Affirmed.

1. SEARCHES AND SEIZURES — CONSTITUTIONAL LAW.

There is no legitimate expectation of privacy subject to protection
from police searches under the Michigan Constitution in trash
left for collection in a place accessible to the public (Const 1963,
art 1, § 11).

2. APPEAL — PRESERVING QUESTION.

Appellate review is foreclosed when an issue is raised for the first
time on appeal unless it appears that failure to consider the
issue would result in a miscarriage of justice.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Appeal and Error § 545; Searches and Seizures § 97.5.
Searches and Seizures: reasonable expectation of privacy in con-
tents of garbage or trash receptacle. 28 ALR4th 1219.

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*James L. Feinberg,* for defendant.

Before: DOCTOROFF, P.J., and WAHLS and T. L. BROWN,* JJ.

PER CURIAM. Defendant, Dennis Merle Thivierge, born on August 19, 1958, was charged with possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and possession with intent to deliver diazepam, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). On July 1, 1987, he entered a conditional guilty plea to attempted possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(2)(a)(iv); MCL 750.92; MSA 28.287, preserving the right to appeal an adversely decided search-and-seizure issue he had raised earlier in the Wayne Circuit Court. After being sentenced to three years of probation by the Detroit Recorder's Court, defendant filed the instant appeal, raising the search-and-seizure issue he had preserved at the time of pleading guilty.

On appeal, defendant argues that the circuit court improperly denied his motion to suppress certain evidence and to quash the information. In essence, defendant contends that drugs found by police while executing a search of defendant's home pursuant to a warrant were subject to suppression because they were the fruit of an illegal police search of certain trash bags placed in front of defendant's home. The record reveals that the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

affiant of the search warrant used by the police to search defendant's home had, on January 9, 1986, taken and searched, without a warrant, four plastic trash bags filled with garbage which had been placed near the front curb of defendant's home. Objects in the plastic bags such as marijuana stems and seeds, as well as various pieces of drug paraphernalia, were found. This, along with other evidence, was cited by the police-officer affiant in order to obtain a warrant to search defendant's home.

We are not convinced that the circuit court wrongly decided the issue now on appeal. It is now clear that the Fourth Amendment of the United States Constitution does not prohibit the search and seizure without a warrant of garbage left for collection on the front curb of a residence. *California v Greenwood,* 486 US —; 108 S Ct 1625; 100 L Ed 2d 30 (1988). In *Greenwood* the Supreme Court, in conformity with the unanimous opinion of federal appellate courts and with the vast majority of state appellate courts which have addressed the issue, rejected the claim of an expectation of privacy in trash left for collection in an area accessible to the public. 486 US —. We believe that the *Greenwood* holding comports not only with the majority opinion on this issue, but also with common sense. With the Supreme Court, then, we agree that the depositing of garbage on or at the side of a public street, where it is "readily accessible to animals, children, scavengers, snoops, and other members of the public," negates any reasonable expectation of privacy in inculpatory items secreted therein. 486 US — (footnotes omitted). Accordingly, we discern no reason to impose more stringent constraints on police conduct under the Michigan Constitution than does the United States Constitution. Const 1963, art 1, § 11; but see *Peo-*

*ple v Whotte,* 113 Mich App 12, 17; 317 NW2d 266 (1982), lv den 414 Mich 950 (1982).

On appeal, defendant also argues, citing, among other cases, *People v David,* 119 Mich App 289, 295; 326 NW2d 485 (1982), lv den 417 Mich 858 (1983), that, even assuming the garbage in front of defendant's house was legally confiscated and searched, "the search warrant [used by the police to search defendant's house] is still invalid because the information was stale." Defendant explains that, "[a]ssuming weekly trash collection, which is standard, the contents of the garbage could have been in the garbage [bags] as long as six days prior to the warrant. If [d]efendant had not taken his garbage out the previously [sic] week the time period could be as long as 13 days." From this defendant asserts that "the facts were not 'sufficiently fresh to presume that the sought items remain on the premises.' *People v Sundling,* 153 Mich App 277, 286-287 [395 NW2d 308 (1986), lv den 428 Mich 887 (1987)]."

Defendant now raises this issue for first time. Appellate review is foreclosed when an issue is raised for the first time on appeal unless it appears that failure to consider the issue would result in a miscarriage of justice. MCL 769.26; MSA 28.1096; *People v Juarez,* 158 Mich App 66, 71; 404 NW2d 222 (1987). In this case, even if we were to review this issue we would find no error meriting reversal, since the search warrant used by the police as authority to search defendant's home was not stale. Our review of the record discloses that the police acted promptly in executing the warrant once they learned of the incriminating materials in the trash bags; in defendant's own brief in support of his motion to suppress evidence filed in the circuit court it is stated that a police officer confiscated the trash bags in the

early morning hours on January 9, 1986, and that defendant's home was searched later that same day. Thus, there was, in fact, very little delay indeed in conducting the search once the facts had been discovered by the police. We decline to create precedent, as defendant seems to ask us to do, for the proposition that incriminating evidence obtained by the police may not be used as a basis for the issuance of a search warrant merely because the accused himself had held onto the evidence for an unspecified period of time. The issue of delay should not focus on how long an accused successfully withheld evidence, but on how long the police waited to act on the evidence once it was obtained.

Affirmed.