620 N.W.2d 529 (2001)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Lon Alan TODD, Defendant-Appellant.
No. 116853, COA No. 217633.
Supreme Court of Michigan.
January 5, 2001.
On order of the Court, the application for leave to appeal from the April 18, 2000 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARILYN J. KELLY, J., dissents and states as follows:
I would grant leave to consider whether the search warrant was supported by probable cause.
The investigating officer used information gleaned from a confidential informant to obtain a search warrant for defendant's home. The search turned up 268 grams of marijuana and fractional grams of cocaine and methamphetamine. Defendant was found guilty of possessing marijuana with intent to deliver, M.C.L. § 333.7401(2)(d)(iii); MSA 14.15(7401)(2)(d)(iii) and possession of cocaine, M.C.L. § 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v).
The affidavit supporting the search warrant specified:
On June 21, 1998, your affiant was contacted by confidential informant, G-4, who indicated that he/she observed a quantity of marijuana at the residence of 2071 M-40 Valley Township, Allegan County, Michigan, within the past 48 hours. [Emphasis added.] *530 It indicated, also, that the confidential informant had given reliable information in the past. Approximately three and onethird days elapsed between the informant's observation of marijuana and issuance of the search warrant.
The Fourth Amendment of the U.S. Constitution and art. 1, § 11 of the Michigan Constitution, prohibit unreasonable searches and seizures. To be valid, a search warrant must be supported by probable cause. MCL 780.651; MSA 28.1259(1). Appellate courts will find probable cause if "there is a substantial basis for the magistrate's conclusion that there is a `fair probability that contraband or evidence of a crime will be found in a particular place.'" People v. Russo, 439 Mich. 584, 603-604, 487 N.W.2d 698 (1992), quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).
One aspect of the inquiry considers whether the contraband will be present. It is not assumed that evidence of a crime will remain indefinitely in a given place. Russo at 605, 487 N.W.2d 698. If too much time passes from observation of the contraband to the issuance of the search warrant, the warrant becomes "stale." Id.
The length of time that may transpire depends on the circumstances of each case. Id. at 605-606, 487 N.W.2d 698. In cases involving contraband that can be quickly consumed or disposed of, a warrant may become stale quickly.
In People v. Siemieniec, 368 Mich. 405, 118 N.W.2d 430 (1962), a search warrant was not supported by probable cause when four days passed between the officer's observation of the defendant selling alcohol illegally and the issuance of the warrant. In People v. David, 119 Mich.App. 289, 296, 326 N.W.2d 485 (1982), an affidavit alleging a single sale of marijuana became stale after three days. See also 2 LaFave, Search and Seizure, (3d ed.), § 3.7(a), p. 350. I see no reason why the rationale of Siemieniec and David should not apply to this case. The majority departs from state precedent in failing to do so. It departs, also, from federal precedent.
In U.S. v. Weaver, 99 F.3d 1372 (C.A.6 1996), the Sixth Circuit concluded that an affidavit issued under circumstances substantially similar to those present here was found not supported by probable cause. The Weaver court ruled that the affidavit presented "no underlying factual circumstances to support the informant's knowledge regarding distribution, nor the detective's own `belief' that these quantities of marijuana were present `for the purpose or with the intention of unlawful possession, sale or transportation,' or even that marijuana would be on the premises when the warrant was executed." Id. at 1378.
By the same reasoning, the affidavit in the instant case may not have supported a conclusion that marijuana remained on the premises to be searched. A "quantity" of marijuana easily could be an amount insufficient to support probable cause, because the marijuana could be consumed by the time the police search the premised. Probable cause is required to guarantee "a substantial probability that the invasions involved in the search will be justified by discovery of offending items." La Fave, supra at § 3.1(b), p. 7. Before the sanctity of one's home may be disturbed by law enforcement personnel, it must be fairly certain that there is a legal need to do so.
Given the circumstances here, we should grant leave to consider more carefully whether there was a fair probability that contraband or evidence of a crime would be found on defendant's premises.