PEOPLE v WARES

Docket No. 69061. Submitted June 7, 1983, at Grand Rapids.—Decided September 27, 1983.

John Q. Wares was charged with possession of marijuana with intent to deliver, possession of less than 50 grams of cocaine, and being an habitual offender. He moved to suppress the evidence seized pursuant to a search warrant, alleging that the search warrant was invalid because the supporting affidavit did not establish the requisite probable cause. The Cass Circuit Court, Michael E. Dodge, J., denied the motion to suppress and the defendant appealed by leave granted. *Held:*

1. The affidavit was sufficient. It described the criminal activity in an extensive and detailed manner, such that the magistrate could know that the unnamed informant was relying on something other than a rumor or the defendant's reputation.

2. The affidavit did not specifically state that the informant's reliability was supported by a series of controlled buys of narcotics, which were described in the affidavit. However, the controlled buys themselves established probable cause to believe that a continuing drug sale enterprise was being conducted, sufficient to support issuance of the search warrant.

Affirmed.

R. M. Maher, J., concurred in holding that the affidavit was sufficient to support issuance of the search warrant and disavowed the reasoning of a prior decision in which he participated, *People v David,* 119 Mich App 289 (1982), which might require a different result.

Opinion of the Court

1. Searches and Seizures — Search Warrants — Affidavits.

An affidavit in support of a search warrant, when based on the hearsay declarations of a confidential informer, must inform

References for Points in Headnotes

[1] 68 Am Jur 2d, Searches and Seizures § 65.

[2] 68 Am Jur 2d, Searches and Seizures §§ 67, 68.

[3] 68 Am Jur 2d, Searches and Seizures §§ 64, 68.

the magistrate of some of the underlying circumstances from which the informant concluded that the contraband was where he claimed it was and some of the underlying circumstances from which the affiant concluded that the informant was credible or his information reliable.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — CONTROLLED BUYS OF NARCOTICS.

A series of controlled buys of narcotics serves to establish the probable cause to believe that a continuing drug sale enterprise is being conducted, sufficient to support issuance of a search warrant in the absence of contrary circumstances.

CONCURRENCE BY R. M. MAHER, P.J.

3. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS — PROBABLE CAUSE.

An affidavit, in order to support issuance of a search warrant, need only establish probable cause to believe that the items sought are where they are alleged to be; thus, a description of a controlled buy of narcotics at a place sought to be searched is sufficient to establish the probable cause necessary to issue a search warrant for that place unless other circumstances indicate otherwise.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William T. Grimmer,* Prosecuting Attorney, and *Susan Lee Dobrich,* Chief Assistant Prosecutor, for the people.

*Harrison Law Offices, P.C.* (by *Philip B. Harrison),* for defendant on appeal.

Before: R. M. MAHER, P.J., and GRIBBS and K. N. SANBORN,* JJ.

GRIBBS, J. The defendant, John Quincy Wares, brings this interlocutory appeal to challenge the denial of his motion to suppress the fruits of a search warrant. Wares has been charged with possession of marijuana with intent to deliver, MCL 333.7401, subds (1), (2)(c); MSA 14.15(7401),

---

* Circuit judge, sitting on the Court of Appeals by assignment.

subds (1), (2)(c), possession of less than 50 grams of cocaine, MCL 333.7401, subds (1), (2)(a)(iv); MSA 14.15(7401), subds (1), (2)(a)(iv), and as an habitual offender, MCL 333.7413; MSA 14.15(7413). A search pursuant to a warrant produced substantial evidence against the defendant. The defendant asserts that the search warrant was invalid because probable cause was not established. We disagree and affirm the trial court's action and remand for trial.

A police officer's affidavit accompanied the request for a search warrant. The affidavit stated:

"Affiant states he is a Police Officer for the Cass County Sheriff Department. Affiant further states that he has been employed by the Cass County Sheriff Dep't for nine years and is currently a Det Sgt. Affiant states that he is in charge of the narcotics division and is a certified instructor for police recruits on vice investigation. Affiant states that he was in contact with an individual who stated that he has bought marijuana from John Wares at least 30 times. These transactions took place at the above location in the last year. Further, the informant told this affiant that when he purchased marijuana he had observed large quantities of marijuana at the above location, more specifically in the attic during this period. Further this informant told this affiant that he has observed the purchase of marijuana by various other individuals from John Wares over this period.

"Further this affiant states that this informant has made two buys from John Wares and that this affiant took part in those transactions, and that they were controlled buys.

"This affiant states that he conducted a pat-down search of the informant before the buys were made. The buys were made at the above address.

"Further this affiant states after the buys were made the informant returned to a prearranged meeting place and turned over the substance bought. The material

turned over to this affiant was a brown leafy substance appearing to be marijuana.

"This affiant states that he personally observed marijuana on at least 1000 occasions, and that the material bought appeared to be marijuana. Further this affiant states that the informant told him that he has purchased marijuana from John Wares at the above location on various occasions and that this affiant participated in at least two of them one occurring within the last 48 hours.

"Based on the above facts, affiant states that this has been a continuing enterprise at this residence."

The defendant argues that the affidavit falls short of the standards for affidavits containing hearsay declarations of confidential informers announced in *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969), and *People v David,* 119 Mich App 289; 326 NW2d 485 (1982).

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' or, as in this case, by an unidentified informant." *Aguilar v Texas,* 378 US 114, 115 (citations and footnote omitted).

The United States Supreme Court recently abandoned the *Aguilar-Spinelli* two-pronged analysis

and adopted a "totality of the circumstances" approach to probable cause. *Illinois v Gates,* — US —; 103 S Ct 2317; 76 L Ed 2d 527 (1983). At this point we need not decide whether the *Aguilar-Spinelli* view or the *Gates* view should be followed as the law for the future.[1] It is our view that the affidavit here satisfies the more restrictive *Aguilar-Spinelli* test and thus would also satisfy *Gates.*

In our case, the affidavit easily passes the first prong of the test. That prong is satisfied if the tip describes the alleged criminal activity in sufficient detail so that the magistrate knows that the informant is relying on something other than a rumor or the accused's reputation. The informant told the affiant that he had bought marijuana from Wares at least 30 times, including the two purchases involved in the controlled buys; that he had made these purchases in the place to be searched; that he had observed large amounts of marijuana at that place; and that he had seen other people purchase marijuana from Wares. Because the hearsay allegations are extensive and detailed, they are sufficient to satisfy the first prong.

The defendant asserts that the second prong is unmet because the affidavit did not state that the informant was credible or his information reliable based on past tips. This argument finds support in *People v David,* 119 Mich App 289; 326 NW2d 485 (1982). In *David* the informant participated in a controlled buy in a house trailer. The affidavit contained no statement "that the informant was credible or that his information had proven relia-

---

[1] Although *Gates* is binding as federal law, our state courts still have the option of preserving the more protective *Aguilar-Spinelli* standard for the state constitutional provision requiring probable cause. Const 1963, art 1, § 11. In this appeal, however, the defendant has asserted his rights only under the federal constitution, US Const, Am IV.

ble *in the past",* 119 Mich App 294 (emphasis added), and the *David* Court found this dispositive under *Aguilar-Spinelli.* We believe the *David* Court misapplied the *Aguilar-Spinelli* standard. The test does not require past reliability—it requires only "underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information reliable' ". *Aguilar v Texas,* 378 US 114. See also *Spinelli v United States,* 393 US 413. Although many tips will come from informants with proven histories of past tips, *Aguilar* and *Spinelli* do not preclude the use of a reliable tip from an unproven informant. Those cases require an indication of credibility or reliability, and reliability is shown in our case by two successful controlled buys.[2]

The officer's affidavit did not specifically state that the controlled buys supported the informant's *reliability,* and we concede that it is possible the magistrate did not therefore consider them as underlying circumstances showing the reliability of the information given. Nonetheless, the controlled buys support the search warrant even if the hearsay statements of the informant are entirely disregarded.[3] It is on this point, too, that we

---

[2] We are not concerned with the possibility that the informant brought his own drugs out from the defendant's house during the controlled buy. This is an unlikely event given our facts and does not preclude probable cause from existing. We must assume that the *David* Court's reliance on such a scenario resulted from unique undisclosed facts in that case, *e.g.,* the informant lived in the trailer with the defendant and therefore the pre-buy search of the informant for drugs would not preclude the informant from substituting his own drugs to set up the defendant. In our case, no facts have arisen which would lead us to presume a tainted transaction. Quite simply, we have no reason to use outside information to negative the probable cause raised by the affidavit.

[3] *Aguilar* does not require us to entirely disregard the hearsay, but only commands us to seek corroboration for the hearsay statements contained in the affidavit. The controlled buys supply the corroboration. We wish to make the point, however, that controlled buys, standing alone, may establish probable cause. The tips from confiden-

disagree with the *David* opinion. A series of controlled buys establishes probable cause to believe that a continuing drug sale enterprise is being conducted, absent contrary circumstances (*e.g.,* staleness, see *David,* 119 Mich App 295). Thus, whether the entire affidavit is considered, or whether the hearsay is deleted, probable cause existed to issue the search warrant.

The trial court upheld the warrant, and we affirm the trial court. The case is remanded for continuation of trial.

K. N. Sanborn, J., concurred.

R. M. Maher, P.J. *(concurring).* I agree with the majority that the trial court's denial of the defendant's motion to suppress evidence seized pursuant to a search warrant should be affirmed. On its way to affirmance, the majority rejects the holding of this Court in *People v David,* 119 Mich App 289; 326 NW2d 485 (1982). I was on the panel that decided *David* and the present case has caused me to reexamine its precepts. After rethinking that opinion, I now believe that *David* was incorrectly decided.

In *David,* the affidavit contained a hearsay statement received from an unnamed informant. The informant had told the affiant that his marijuana had been purchased from someone in a trailer. The affidavit then described a "controlled buy":

"The informant was searched and found not to be in possession of drugs. While under constant police surveillance, the informant entered the trailer. When the informant returned to the police, he possessed drugs." *David, supra,* p 294.

tial informants which led to the investigation (and controlled buys) are superfluous.

The *David* Court concluded that the hearsay satisfied the first prong of the two-prong test emerging from *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), and *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969). The Court found, however, that the second prong was unmet because the "affidavit made no allegation that the informant was credible or that his information had proven reliable in the past". *David, supra,* p 294. The majority opinion in the present case correctly criticizes that statement. The second prong of the *Aguilar-Spinelli* test is satisfied if the affidavit contains "underlying circumstances from which the officer concluded that the * * * [informant's] information [was] 'reliable'". *Aguilar v Texas,* 378 US 114. The underlying circumstance in *David* was the controlled buy. As the Court itself remarked: "On the basis of this evidence [the results of the controlled buy], the police had cause to believe that the informant got the drugs while in the trailer." *People v David, supra,* p 294.

*David,* nevertheless, concluded that the hearsay in the affidavit failed to pass the *Aguilar-Spinelli* test. The Court then considered whether the other allegations in the affidavit—namely, those describing the controlled buy—were sufficient to establish probable cause. The Court concluded that they were not sufficient:

> "We are not convinced that a controlled buy alone is enough to establish probable cause for the issuance of a search warrant. There must be some indication of the reliability of the buyer-informant so that a conclusion that a purchase actually took place may be legitimately drawn." *David, supra,* p 295.

The majority opinion in the present case criticizes

that conclusion. And, again, the majority is correct. Even if we assume *arguendo* that the controlled buy in *David* does not alone establish probable cause to believe that a *purchase* took place in the trailer, it did establish, I now believe, that the drugs were *located* in the trailer. To authorize a search warrant the affidavit need only establish probable cause to believe that the items sought are where they are alleged to be. Thus, I now hold that a description of a controlled buy in an affidavit is sufficient to establish probable cause for a search warrant unless circumstances indicate otherwise.

Insofar as *David* is inconsistent with the above remarks, I disavow it. My reflections on that case cause me to conclude that the affidavit involved in the case now before us is adequate. The hearsay was sufficiently detailed and extensive to pass the first prong of the *Aguilar-Spinelli* test. The second prong is also satisfied. The description of the controlled buys reveals the underlying circumstances from which the affiant concluded that the informant's information was reliable. Moreover, the controlled buys alone establish probable cause to believe that the marijuana was located in the place to be searched.

I conclude, along with the majority, that the search warrant was not defective and that the trial court's denial of defendant's suppression motion should be affirmed.