PEOPLE v WILLIAMS

Docket No. 73184. Submitted May 7, 1984, at Detroit.—Decided October 5, 1984.

Defendant, Clarence Williams, was charged in the Recorder's Court for the City of Detroit with two counts of possession of less than 50 grams of a controlled substance. The defendant moved prior to trial for an order to suppress all of the evidence which was found as a result of executing a search warrant on May 12, 1983, arguing that the search warrant was defective. The trial court, Justin C. Ravitz, J., determined that the affidavit and search warrant were clearly deficient. The court granted the motion to suppress and dismissed the case. The people appeal from that order. *Held:*

1. The police officer-affiant's information regarding the single controlled buy formed a sufficiently substantial basis for the magistrate's finding of probable cause to search the house, named in the affidavit for the search warrant, wherein the controlled substance buy occurred on May 12, 1983. There was probable cause to believe that there was heroin located in the house. There was no staleness in this case.

2. No hearsay was at issue in this case.

Reversed and remanded.

SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS — PROBABLE CAUSE.

An affidavit, in order to support issuance of a search warrant, need only establish probable cause to believe that the items sought are where they are alleged to be; thus, a description of a single controlled buy of narcotics at a place sought to be searched is sufficient to establish the probable cause necessary to issue a search warrant for that place unless other circumstances (i.e. stale information) indicate otherwise.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy

REFERENCE FOR POINTS IN HEADNOTE
68 Am Jur 2d, Searches and Seizures §§ 67-69.

Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Ward F. McDonough, Jr.,* for defendant.

Before: R. M. Maher, P.J., and Hood and R. B. Martin,* JJ.

Per Curiam. The people appeal as of right from the trial court's order granting defendant's pretrial motion to suppress evidence and dismissing the case.

A 36th District Court magistrate signed a warrant authorizing the search of a house at 15221 St. Marys in Detroit and a person known as "Pee Wee" on May 12, 1983. The police intended to search for heroin or other controlled substances. Detroit Police Officer William Jasper attested in the affidavit for the search warrant to the following fact:

"1. The affiant is a member of the Detroit Police Department working in conjunction with a Source of Information (SOI 996) that the affiant has used on Seven prior occasions resulting in the arrest of Seven people for Narcotic related offenses, all of which are pending in the 36th District Court.

"2. On May 11, 1983, the affiant met with SOI 996 and formulated plans to make a controlled purchase of Heroin from 15221 St. Marys. The affiant searched the SOI for money and/or narcotics with negative results. The affiant supplied the SOI with SS Funds to make the purchase of Heroin. The affiant observed as the SOI entered 15221 St. Marys and a short time later exit. The SOI then met with the affiant and handed the affiant an amount of suspected Heroin that the SOI stated was purchased from the above described person from within 15221 St. Marys. Again, the affiant searched the SOI with negative results.

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

"3. On May 11, 1983, the affiant conveyed the suspected Heroin purchased from 15221 St. Marys to the Narcotic Section where PO James Tanderys performed an analysis on the powder and found it to contain Heroin. The affiant then sealed the Heroin into LSF 183807.

"4. Wherefore the affiant has probable cause to believe that Heroin is being stored at and sold from 15221 St. Marys."

When police officers executed the warrant on the same day, May 12, 1983, they saw defendant sitting near a table that had heroin and other drug paraphernalia on top of it. After arresting defendant, officers searched him at the 13th precinct police station and found additional heroin on him. The people charged defendant with two counts of possession of less than 50 grams of a controlled substance, MCL 333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv). A magistrate bound over defendant to the Detroit Recorder's Court for trial on May 20, 1983.

Defendant moved for an order to suppress all the evidence found as a result of executing the search warrant, arguing that the search warrant was defective. Defendant alleged that the police officer-affiant had not stated any information that could be considered indicia of the unknown informant's reliability or credibility. See *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), and *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969).

Following arguments at the hearing on the motion, the trial court said:

"The motion to suppress is granted.

"I'm satisfied that the affidavit and search warrant on it's face is clearly deficient under the authority of *People* versus *David* [119 Mich App 289; 326 NW2d 485 (1982)].

"If they had gone back on May 11th there's nothing in this search warrant that would show that there might still be more contraband there that people would be willing to sell.

\*   \*   \*

"If there had been representation not only to this single controlled buy, but that the SOI knew that this was an ongoing criminal enterprise that occurred before that date and that was ongoing and could be reliably made some time immediately after I think it would have been fine."

We reverse because we find that the police officer-affiant's information regarding the single controlled buy formed a sufficiently substantial basis for the magistrate's finding of probable cause to search 15221 St. Marys on May 12, 1983. See *People v Gleason,* 122 Mich App 482, 490; 333 NW2d 85 (1983).

Despite the parties' argument otherwise, the reliability or credibility of an unknown informant's information is not at issue here. See *Aguilar, supra,* and *Illinois v Gates,* 462 US 213; 103 S Ct 2317; 76 L Ed 2d 527 (1983). The only information offered in the affidavit as a basis to support the warrant is the controlled buy. The affiant participated in that controlled buy. Therefore, no hearsay is at issue.

In *David, supra,* p 295, upon which the trial court relied, this Court did state that a single controlled buy alone is not enough to establish probable cause to issue a search warrant. However, in *David* the single controlled buy occurred three days prior to the officer's attempt to obtain the search warrant. This court found the information stale.

In *People v Wares,* 129 Mich App 136, 142; 341 NW2d 256 (1983), this Court said that, "[a] series of controlled buys establishes probable cause to

believe that a continuing drug sale enterprise is being conducted, absent contrary circumstances *(e.g.,* staleness, see *David,* 119 Mich App 295)". In *Wares,* two controlled buys supported probable cause. In concurring specially in *Wares,* p 144, Judge R. M. MAHER wrote:

> "Even if we assume *arguendo* that the controlled buy in *David* does not alone establish probable cause to believe that a *purchase* took place in the trailer, it did establish, I now believe, that the drugs were *located* in the trailer. To authorize a search warrant the affidavit need only establish probable cause to believe that the items sought are where they are alleged to be. Thus, I now hold that a description of a controlled buy in an affidavit is sufficient to establish probable cause for a search warrant unless circumstances indicate otherwise." (Emphasis in original.)

We agree that the single controlled buy in this case sufficed to form probable cause to search 15221 St. Marys for additional heroin. There was probable cause to believe that there was heroin located in that house. Moreover, we find no staleness in this case. The controlled buy took place on May 11, 1983. The police officer went before the magistrate on May 12, 1983, and executed the warrant that day.

Reversed and remanded.